## SUCCESSION OF HENRY FELTMEYER.

An administrator has, the right to leave the State on his leaving with some person residing in the Parish, or in an adjoining Parish, where the succession is opened, a general and special power of attorney to represent in all the acts of administration, and depositing an authentic copy of the power of attorney before departure, in the office of Recorder of mortgages in and for the Parish where said succession has been opened, which power of attorney must be duly registered.
A demand to account upon an administrator must be by petition and citation, it cannot be made by rule.

A PPEAL from the Second District Court of New Orleans, *Whitaker,* J. George L. *Bright,* for appellant Gerding. *Durant & Hornor,* for Pohlman, tutor.

LABAUVE, J. Henry Feltmeyer died on the 7th September, 1853, leaving a widow and two minor children, Dina of a first, and Anna of a second marriage; the surviving widow was confirmed tutrix, and J. H. Gerding was appointed under-tutor to Anna; an inventory was made and the estimation of the property amounted to $538 50. The widow applied for the administration and was appointed administratrix, but it seems she never qualified nor gave bond. Hermann Pohlman was appointed tutor, and Frederick Pohlman under-tutor to the minor Dina on the 23d

September, 1853; they only took the required oath, Hermann on the 13th February, 1855, and Frederick on 25th March, 1863; Hermann gave his bond as tutor on the 12th May, 1863. It appears that Anna, of the second marriage, died, leaving for her heirs her mother, Anna Minsterman, and her half-sister, Dina, of the first marriage.

On the 19th day of December, 1853, the widow, Anna Minsterman, in her capacity of administratrix, gave a power of attorney, by public act, to John H. Gerding, to act in her lieu and place. On the 25th April, 1854, the said administratrix, through attorneys, filed a petition with a statement or account of the debts of the succession, amounting to $453 21, the said account being signed by John H. Gerding, as her agent, and praying for the usual notices which were ordered by the Judge on the 26th April, 1854. On the 15th May, 1854, the Judge ordered the homologation of said account, and that the funds be distributed accordingly. On the 23d May, 1854, she presented another petition in her said capacity, stating there were no funds on hand belonging to the estate wherewith to pay the acknowledged debts, and that it was necessary to sell the property of the said succession, and concluding by praying for a sale for one-half cash and the balance in six and twelve months' credit. On the 25th May, 1854, the Judge ordered the sale as prayed for, after the legal advertisements. The property was accordingly sold on the 9th day of August, 1854.

On the 20th February, 1856, John H. Gerding, styling himself administrator of said succession, presented a petition, signed by attorneys, with an account said to contain the amount of money received and the debts due by the estate; this amount is signed by himself, and praying that said account be advertised according to law; the Judge ordered that the account be advertised according to law.

On the 1st March, 1856, H. Pohlman, in his capacity of tutor to Dina Feltmeyer, filed an opposition to said account, in which he alleges that said John H. Gerding was never appointed administrator of said succession, and has no interest therein, but has intermeddled in said succession and caused great injury and damage. He therefore opposes said tableau being filed and homologated, and prays that said tableau and petition be dismissed; and that said Gerding be ordered to deliver to him, as tutor aforesaid, all funds and effects belonging to said succession and in his possession, or account for the same. On the 23d April, 1856, this account was approved and homologated, so far as not opposed.

On the 9th April, 1863, John H. Gerding answered to the opposition of H. Pohlman, denying that said Pohlman was the tutor of the minor Dina Feltmeyer. He admitted that he never was the administrator of said succession; that there was error in the petition filed 20th February, 1856, accompanying the account, wherein it is stated by J. J. Michel, attorney, that your respondent is administrator of this succession. He further alleges that he was the agent of Mrs. Anna Feltmeyer, tutrix and administratrix for the settlement and administration of the succession;

that said Michel was not his attorney, nor authorized to represent him individually; wherefore, he prays and joins in the prayer of the opposition of Hermann Pohlman, that the said petition and account, filed on the 20th February, 1856, be dismissed.

On the 5th June, 1863, Hermann Pohlman, as tutor of Dina, took a rule on J. H. Gerding to show cause why he should not deposit in Court, or hand over to the mover in this rule, the $477 92 he admits he has received. The rule was made absolute on 18th June, 1863, and Gerding ordered to deposit in Court, within five days, $723 12, subject to the further order of the Court.

From this judgment on the rule John H. Gerding took this appeal.

These proceedings are so irregular throughout that it is difficult to know how to proceed in examining the actions of the Judge below and what judgment we shall render ; but we must start from certain principles : We have seen that widow Henry Feltmeyer was appointed administratrix, but she never qualified nor gave bond ; that she afterwards appointed, acting for herself personally, and as such administratrix, said John H. Gerding, her agent, general and special, and the latter undertook to act as such in the said estate, and the Court acted as if the said widow had been legally qualified, and we must, therefore, proceed in this matter under the same assumption ; that the said widow left the State in 1856, and nothing shows that she ever returned. Under Art. 1145 C. C., as amended by Statute, 24th April, 1847, p. 115, she was permitted to leave the State, on her leaving with some person residing in the parish, or in an adjoining parish, where the succession is opened, a general and special power of attorney, to represent her in all the acts of her administration as administratrix, and depositing an authentic copy of the power of attorney before her departure, in the office of the recorder of mortgages, in and for the parish where said succession has been opened, which power of attorney was to be duly registered.

To the rule filed 21st May, 1863, by Hermann Pohlman, tutor of the minor Dina, showing that said John H. Gerding refuses to hand over to said tutor, the assets of the succession; and ordering that said Gerding show cause, on the 27th May, 1863, why execution should not issue against him for the sum of $1,036 35 ; said Gerding excepted, on the grounds that said rule had been served on 25th May, 1863, and that he has not had sufficient time to summon his witnesses. That said mover cannot proceed by rule, but by ordinary action; and that said Pohlman has no right to take this rule, and he denies all and singular the allegations necessary to maintain this rule, etc. On the 27th May, 1863, the following order was entered :

"When, after hearing pleadings and counsel, it is ordered by the Court that the rule be made absolute, so far as to require said J. H. Gerding to file an account, within five days, of his connection with this succession."

The said Gerding, in rendering this account, says that he reserves all defences set forth in his answer to the rule, and has no account to render,

as he was not administrator, but only agent of the administratrix; but, that it may not be said that he is guilty of contempt, he now files his account between himself and the administratix.

We have omitted to state, at its proper place, that, on the 20th April, 1863, the Court below had ordered that John H. Gerding do hand over to Hermann Pohlman, opponent, when duly qualified, by giving security as tutor, the assets of the succession.

We are of opinion that the District Court erred in not sustaining the exceptions to the rule. We consider this rule in the nature of a demand to account, which must be by petition and citation, in the ordinary manner, and with the usual delays. Code of Practice, Arts. 997, 998, 1000, 1008, 1033.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered and decreed that the exception be sustained; that the rules of the 21st May, and of 5th June, 1863, respectively, be dismissed, and all orders upon them set aside.

The appellee to pay costs in both Courts.